June 8, 1900.) Proceedings by the people of the state of New York, on the relation of Charles G. Carroll, against Theodore Roosevelt and others. A. Levy, for appellant. T. Farley, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. COFFEY, Respondent, v. DEMOCRATIC GENERAL COMMITTEE OF KINGS COUNTY, Appellant. (Supreme Court, Appellate Division, Second Department. June 11, 1900.) Action by the people of the state of New York, on the relation of Michael J. Coffey, against the Democratic General Committee of Kings County. No opinion. Motion to resettle order granted, and order, as resettled, signed. See 65 N. Y. Supp. 57.

PEOPLE ex rel. DERMODY v. YORK et al. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by the people of the state of New York, on the relation of Joseph T. Dermody, against Bernard J. York and others. No opinion. Motion denied, with $10 costs. See 64 N. Y. Supp. 2.

PEOPLE ex rel. DONNELLY v. MOSS et al. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by the people of the state of New York, on the relation of John A. Donnelly, against Frank Moss and others. No opinion. Motion denied, with $10 costs. See 63 N. Y. Supp. 912.

PEOPLE ex rel. HALLIDAY, Appellant, v. LANTRY, Respondent. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Proceedings by the people of the state of New York, on the relation of Joseph G. Halliday, against Francis J. Lantry, commissioner, etc. L. J. Grant, for appellant. T. Farley, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. HENDERSON, Appellant, v. YORK et al., Respondent. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Proceedings by the people of the state of New York, on the relation of John C. Henderson, against Bernard J. York and others. L. J. Grant, for appellant. W. B. Crowell, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. MALLON v. ROOSEVELT et al. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by the people of the state of New York, on the relation of Francis Mallon, against Theodore Roosevelt and others. No opinion. Motion denied. See 44 N. Y. Supp. 655.

PEOPLE ex rel. MILLER, Appellant, v. ELMENDORF, Respondent. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Proceedings by the people of the state of New York, on the relation of Hiram H. Miller, against William C. Elmendorf, as mayor, etc. No opinion. Motion denied, without costs. See 59 N. Y. Supp. 115; 64 N. Y. Supp. 775.

PEOPLE ex rel. REISS, Respondent, v. AMERICAN SPIRITS MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 9, 1900.) Proceedings by the people of the state of New York, on the relation of Bert Reiss, against the American Spirits Manufacturing Company. No opinion. Order affirmed, with $10 costs and disbursements. See 62 N. Y. Supp. 145.

PEOPLE ex rel. THOMPSON, Respondent, v. DALTON, Commissioner, Appellant. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Application by the people, on the relation of Albert C. Thompson, for mandamus to William Dalton, commissioner of water supply of the city of New York. From an order granting a peremptory writ, defendant appeals. Affirmed. See 60 N. Y. Supp. 876. Theodore Connoly, for appellant. Julius M. Mayer, for respondent.

PER CURIAM. The questions involved in this appeal are the same as those arising and disposed of in the case of People v. Dalton (decided herewith) 65 N. Y. Supp. 342; and, for the reasons stated in the opinion in that case, this order must be affirmed, with costs.

INGRAHAM, J., dissents.

PINSKER et al., Respondents, v. PINSKER et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 29, 1900.) Action by Fred J. Pinsker and George J. Pinsker against Adolph Pinsker and Julius A. Pinsker. No opinion. Application granted, and order resettled, by adding at the end thereof the words, "after hearing all legal evidence that either party may offer." See 60 N. Y. Supp. 902.

PITCH-PINE LUMBER CO., Respondent, v. HIERONYMUS et al., Appellants. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by the Pitch-Pine Lumber Company against William T. Hieronymus and others. J. A. Rosenberg, for appellants. H. Hasbrouck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

PULLAR v. WALLER et al. (Supreme Court, Special Term, New York County. May, 1899.) Action by Joseph W. Pullar against Thomas M. Waller and others to set aside a contract and deed as procured by fraud and undue influence. Motion by certain defendants, who were attorneys, to send the issues of fact, consisting of fraud, duress, and undue influence, to a jury for trial. Wayland E. Benjamin, for the motion. Schuyler C. Carlton, opposed.

PER CURIAM. Motion denied.

QUIGLEY v. LEVERING et al. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by Mary Quigley, as administratrix, against William M. Levering and another. No opinion. Motion denied, with $10 costs. See 63 N. Y. Supp. 1059.

REGAN, Respondent, v. PRUDENTIAL INS. CO. OF AMERICA, Appellant. (City Court of New York, General Term. July 11, 1900.) Action by Hannah L. Regan, as admin-

istratrix, against the Prudential Insurance Company of America. From a judgment in favor of plaintiff. and from an order denying defendant's motion for a new trial,.defendant appeals. Affirmed. Wm. O. Campbell, for appellant. Henry .W. Sykes, for respondent.

PER CURIAM. Judgment and order appealed·from affirmed, with costs and disbursements.

RICHARDSON, Respondent, v. BORRILL, Appellant. (Supreme Court, Appellate Term. July 25, 1900.) Action by Lulu Richardson against Albert Borrill. Judgment for plaintiff, and defendant appeals. Reversed. William Henry Knox, for appellant. G. A. C. Barnett, for respondent.

· PER CURIAM. In view of the receipt of August 11th, the conflict between the statements of the witness M. H. Barton and her signatures, the improbability of the truth of the plaintiff's evidence that she did not know of the sale by her mother in August, and the fact that it does not appear that plaintiff made any claim until December, the defendant should have prevailed. The value of the property in question was fixed by the judgment at $100, although there was no evidence of value. For the reasons assigned, the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT, J., not voting.

ROBERTSON v. ROCKLAND CEMETERY IMP. CO. SAME v. STONE. SAME v. WHITON. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Actions by Thomas F. Robertson against the Rockland Cemetery Improvement Company, Mary A. Stone, and Sarah P. L. Whiton.

PER CURIAM. Motion granted, with $10 costs, as to appeal attempted to be taken by second notice of appeal, and, upon payment of $10 costs, leave granted to appellants to serve papers under the first notice of appeal.

ROBINSON v. METROPOLITAN ST. RY. ·CO. (Supreme Court, Appellate Term. July 6, 1900.) Action by Alice M. Robinson against ·the Metropolitan Street-Railway Company. .From a judgment in favor of plaintiff, affirmed by the general term (63 N. Y. Supp. 969), defendant appeals. Affirmed. House, Grossman .& Vorhaus, for appellant. H. A. Robinson, for respondent.

PER CURIAM. Judgment and order affirm.ed, with costs.

ROSENMEYER, Respondent, v. GREENBAUM, Appellant. (Supreme Court, Appel:late Division, First Department. June 8, 1900.) Action by Pauline Rosenmeyer against Jacob H. Greenbaum. W. L. Mathot, for appellant. A. C. Weil, for respondent. No opinion. Or.der affirmed, with $10 costs and·disbursements.

ROSENTHAL v. ROSENTHAL et al. (Su. ;preme Court, Appellate Term. June 13, 1900.) .Action by Louis Rosenthal against Jacob Ro:senthal and another. Judgment affirmed. I.

Marks, for plaintiff. C. I. Schampain, for defendants.

· PER CURIAM. Judgment affirmed, with costs. ·

ROSENZWEIG, Appellant, v. WOOD, Respondent. (Supreme· Court, Appellate Division, First Department. June 22, 1900.) Action by Joseph Rosenzweig against Estella F. Wood. A. Bloch, for appellant. J. J. Delany, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ROSSI, Appellant, v. CORRAO, Respondent. (Supreme Court, Appellate Division, Second Department. June 19, 1900.) Action by Emilio Rossi against Francis L. Corrao for deceit and fraud, etc. No opinion. Orders affirmed, with $10 costs of one appeal and dis bursements in both. ·

ROUND LAKE SUMMER INSTITUTE, Respondent, v. GARRITT et al., Appellants, (Supreme Court, Appellate Division, Third Department. June 28,·1900.) Action by the Round Lake Summer Institute against Inez Garritt and others, impleaded with others.

PER CURIAM. Judgment modified by strik. ing out therefrom all costs except disbursements, and, as so modified, affirmed, with costs. Order for extra allowance reversed, with $10 costs and disbursements.

RUDD, Respondent, v. MAGEE et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 22, 1900.) Action by Robert C. Rudd against John Magee and others, impleaded, etc. No opinion. Motion denied. See 65 N. Y. Supp. 65.

RYAN et al. v. DEAN et al. (HUNT et al., Respondents; WILCOX et al., Appellants). (Supreme Court, Appellate Division, Fourth Department. June 5, 1900.) Action by Kate Ryan and others against Edward E. Dean and others. No opinion. Judgment and order affirmed, with costs.

RYAN et al., Respondents, v. DONOVAN, Appellant. (Supreme Court, Appellate Term. July 16, 1900.) Action by Nicholas W. Ryan and another against Albert E. Donovan. From a judgment in favor of the plaintiffs, defendant appeals. Affirmed. C. F. Brandt, for appellant. Whalen & Dunn, for respondents.

PER CURIAM. It was assumed on the trial (see particularly the charge of the trial court) that the only question in dispute related to the carting of the brick and to the amount due for sand. It was shown by competent evidence on the part of the plaintiffs that the defendant was entitled to $865.42 for carting brick and to $432.71 for sand. It was conceded that defendant was entitled to $217.30 for other things; making a total of $1,515.43, and no more, to .which the defendant was entitled. It was taken for granted on the trial that plaintiffs had paid the defendant $1,600 in cash, and there was competent evidence tending to show that they had paid out on defendant's account, for sand and cartage, the sum of $292.37; making a total. of $1,892.37. The ver-